| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>EUGENE D. ROTH, ESQ.-4239<br>Valley Park East<br>2520 Highway 35, Suite 307<br>Manasquan, NJ 08736<br>(732) 292-9288<br>Attorney for Debtor | Order Filed on December 16, 2016<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |

| | |
|---|---|
| In Re:<br><br>ALBERTA SANTOS,<br><br>Debtor. | Chapter 13<br><br>Case No. 14-19628<br><br>Judge: Michael B. Kaplan, USBJ<br><br>Hearing Date: 12/13/2016@9:00AM |

### AMENDED ORDER AUTHORIZING SALE OF DEBTOR'S REAL PROPERTY

### NOTWITHSTANDING LIENS AND ENCUMBRANCES

The relief set forth on the following pages, numbered two (2) through (2) is hereby

**ORDERED.**

**DATED: December 16, 2016**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page (2)
Case No.: 14-19628 (MBK)
**Order Authorizing the Sale of Debtor's Real Property**
--

Upon the Debtor's motion for authorization to sell the real property notwithstanding liens and encumbrances commonly known as 204 Kettle Creek Road, Toms River, NJ 08753 (the "Real Property"),

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property upon the terms and conditions of the Contract of Sale notwithstanding liens and encumbrances of record with proceeds to attach to such liens pursuant to 11 U.S.C. 363(b).

2. Pursuant to LBR 6004-1(b) the Notice of Private Sale included a request to pay the real estate broker and the Debtor's real estate attorney at closing. Therefore these professionals may be paid at closing.

3. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the Contract of Sale may be made at closing.

4. A copy of the HUD-1 Settlement Statement shall be forwarded to the Chapter 13 Standing Trustee seven (7) days after closing.

5. A copy of the pro forma HUD-1 Settlement Statement will be provided to the mortgagees on or before five (5) days prior to the closing. Additionally, Payoff Statements will be ordered prior to the closing and the payoffs provided will be satisfied in full from the closing proceeds unless the Mortgagee(s) agree(s) to accept less than the payoff amount(s).

6. Notwithstanding anything contained in this Order to the contrary, the mortgage lien held by Wells Fargo Bank, N.A. shall be paid in full or pursuant to prior written approval of the mortgagee, Wells Fargo Bank, N.A. Until such proceeds are received by Wells Fargo Bank, N.A., said sale will not be considered to be free and clear of liens as to the secured creditor.